250 F.2d 497
 ESTATE of Dorothy R. HIRSHON, Deceased, Walter Hirshon, Executor, and Walter Hirshon, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
COMMISSIONER OF INTERNAL REVENUE, Petitioner,
v.
Jean McGraw HIRSHON, Respondent.
 No. 61.
 No. 62.
 Docket 24554-24555.
 United States Court of Appeals Second Circuit.
 Argued November 7, 1957.
 Decided December 5, 1957.
 On Rehearing January 3, 1958.
 
 John P. Allison, New York City, for petitioners in Cal. No. 61.
 Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, I. Henry Kutz, and Charles B. E. Freeman, Attorneys, Department of Justice, Washington, D. C., for Commissioner.
 No appearance or brief for respondent in Cal. No. 62.
 Before SWAN, MEDINA, and WATERMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 During the year 1951, Walter Hirshon made monthly alimony payments aggregating $12,000 to his divorced wife, Jean Hirshon. They were divorced in 1940. In 1937, they had adopted a young child, who was less than 15 years old in 1951. The divorce decree incorporated a separation agreement which provided that the husband should pay his wife so long as she "shall remain alive and does not remarry" $12,000 per annum "as and for her support and for the support, care, maintenance, and education of the said" child. Jean has not remarried. Another provision stated that if she should remarry all payments for her support shall cease, but, on certain conditions, the husband shall pay her $300 per month "as and for the support, care, maintenance, and education of said" child.
 
 
 2
 Walter Hirshon had remarried before 1951. In the joint return for that year, filed by him and his wife, Dorothy, the $12,000 paid to Jean was taken as a deduction for alimony under § 23(u) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 23(u). Jean however, included in her income only $8,400 of the $12,000 she received, relying on § 22(k) of the Code, 26 U.S.C.A. § 22(k). In protection of the revenue the Commissioner determined that the entire $12,000 was includible in Jean's income, but restricted Walter's deduction to $8,400. Each of the taxpayers filed a petition for review by the Tax Court, which held that $3,600 of the $12,000 alimony payment was "fixed" for the support of the child. This resulted in determination of a deficiency in the husband's 1951 income tax and no deficiency in the divorced wife's tax. The husband has appealed the decision adverse to him, and the Commissioner has taken a protective appeal from the decision in favor of Jean.
 
 
 3
 The husband contends that the Tax Court's decision is directly contrary to the later decision of this court in Weil v. Commissioner, 2 Cir., 240 F.2d 584, certiorari denied 353 U.S. 958, 77 S.Ct. 864, 1 L.Ed.2d 909. We agree that it is. As this court there stated at page 587, of 240 F.2d:
 
 
 4
 "The statute taxes to the wife sums which are available for her own use or benefit — whether or not she has undertaken to support the minor children — and does not tax to the wife sums she is required to devote exclusively to the support of the children. What vitiates the decision of the Tax Court in this case is its holding that sums may be `payable for the support of minor children,' even though the wife may be free to use them for other purposes."
 
 
 5
 In the case at bar the sums paid the wife in 1951, were available for her own use. Only in case of her remarriage were sums paid to her thereafter required to be devoted by her exclusively to the support of the child.
 
 
 6
 Decisions reversed and cause remanded in Cal. No. 62.
 
 On Rehearing
 
 7
 PER CURIAM.
 
 
 8
 The Commissioner calls attention to the fact that in No. 61, the case involving the husband's tax, there are uncontested items of adjustment included in the deficiency against him, and consequently a recomputation is required in his case as well as in No. 62. Accordingly the petition is granted; the mandate previously issued is recalled, and the opinion is modified to direct a remand in No. 61 as well as in No. 62.