Katrina VAN OSS, Petitioner,

v.

**COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.**

**COMMISSIONER OF INTERNAL REV-
ENUE, Petitioner,**

v.

**Murray M. SALZBERG, Respondent.**

**Nos. 321 and 399, Dockets 30928 and 30965.**

United States Court of Appeals
Second Circuit.

Argued May 16, 1967.

Decided May 26, 1967.

Louis Mandel, New York City (Mervin Ross, New York City, on the brief), for petitioner Katrina Van Oss.

Chester C. Davenport, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson and Harold C. Wilkenfeld, Washington, D. C., on the brief), for Commissioner of Internal Revenue as petitioner and respondent.

Jacob I. Goodstein, New York City, (Benjamin Wm. Mehlman, New York City, on the brief), for respondent Murray M. Salzberg.

Before LUMBARD, Chief Judge, MOORE, Circuit Judge, and BARTELS, District Judge.*

LUMBARD, Chief Judge:

The taxpayer, Katrina Van Oss, petitions for review of a decision by the Tax Court which held that the entire amount of payments made in 1958 and 1959 under a separation agreement, incorporated in a divorce decree, was alimony income to her for the reason that no portion of such payments was fixed by the terms of the agreement as a sum payable for child support within the meaning of Int.Rev. Code of 1954, § 71(b), 26 U.S.C. § 71(b). In the related case consolidated for argument before the Tax Court, involving the tax consequences to the former husband, Murray M. Salzberg, of making such payments, it was correspondingly held that the payments were deductible in full by him under Int.Rev.Code of 1954, § 215(a), 26 U.S.C. § 215(a). Taking a protective position, the Commissioner petitions for review of the latter decision; like respondent Salzberg, however, the Commissioner's primary contention with respect to these consolidated appeals is that the Tax Court was correct in holding the full amount of alimony payments to have been income to the former wife.

The question dispositive of this appeal is whether any portion of the payments made was expressly and exclusively allocated to child support by the terms of the separation agreement. We agree with the Tax Court that no such specific designation has been made and we affirm its decision.

■ Periodic alimony payments are includible in full in the gross income of the recipient under Int.Rev.Code of 1954, § 71(a), 26 U.S.C. § 71(a), even if used for purposes of child support, unless the terms of the controlling divorce decree or separation agreement "fix, in terms of an amount of money or a part of the payment * * * a sum which is payable for the support of minor children of the husband. * * *" Int.Rev.Code of 1954, § 71(b), 26 U.S.C. § 71(b). The taxpayer making such payments is entitled to deduction of that amount which is alimony income to the divorced spouse. Int.Rev.Code of 1954, § 215(a), 26 U.S.C. § 215(a).

■ In short, the normal incidence of the tax with respect to payments under a separation agreement or divorce decree is upon the recipient; if the recipient is properly to exclude any part of such payments from gross income, Section 71(b) requires that the operative instrument *fix* for child support a definite percentage or sum certain of the contemplated payments. The requisite designation does not appear in the separation agreement involved in this case.

Katrina Van Oss, then Mrs. Salzberg, and Murray M. Salzberg entered into a separation agreement on January 15, 1958; divorce followed on January 28, 1958, and the separation agreement was incorporated in the decree of divorce. There were three children of the marriage, Harry and Hedie, both born on January 17, 1952, and Dana, born on January 19, 1955. The relevant portions of the agreement provided that (a) the husband would make annual alimony payments of $24,000 until July 15, 1973, thereafter $16,000 until February 1, 1976, and thereafter $12,000, with the wife required to "defray all costs and expenses

* From the Eastern District of New York, sitting by designation.

necessary to support, maintain, care for and educate the children" in a "fair and proper manner"; (b) if the children attended private schools, which they were required to do at the husband's request, and the tuition exceeded $1,000 per year per child, the husband was required to reimburse the wife for any excess, provided the school involved was one designated or agreed to by him; (c) in the event of remarriage by the wife within ten years, the husband would gain sole custody of the children and all payments would cease and determine; and (d) if the wife remarried after ten years the annual amount to be paid by the husband would be limited to $12,000 for the care, custody and education of the children, to be reduced on July 15, 1973 to $4,000, and all such payments to cease on February 1, 1976.

Prior to the execution of this agreement, this Court had held the full amount of payments under a similar separation agreement to have been income to the wife. Weil v. Commissioner of Internal Revenue, 240 F.2d 584 (2 Cir. 1957). In that case the agreement provided for reductions in payments upon the death or marriage of a child after remarriage by the wife, or in the event of a child's decision to live apart from the wife after the wife remarried. This Court held that no sum was "fixed" as "payable for the support of minor children" unless restricted in use to that purpose alone, and that no such exclusive allocation could be read into the terms of an instrument contemplating continuance of the alimony payments after the wife ceased to support the children. Weil v. Commissioner of Internal Revenue, supra, at 587–588. In another case decided prior to the entry of these taxpayers into their separation agreement, this Court held no part of alimony payments to have been fixed for child support by the terms of an agreement which, like the instant agreement, required only that payments received after the wife's remarriage be devoted exclusively to child support;

as in the instant case, absent remarriage the wife was free to use any portion of sums received for her own purposes. See Hirshon's Estate v. Commissioner of Internal Revenue, 250 F.2d 497, 498 (2 Cir. 1958).[1]

■ It may be true that the instant agreement discloses an intention to make certain amounts available to the wife for the care of children while they are in her custody, although there is no provision for reduction of payments upon the death of the children, or in the event of a child's departure from the home by reason of service in the Armed Forces, marriage, or simply a decision to live apart from the mother's household. But there was no specific restriction on the wife's use of payments received in 1958 and 1959, and her allocation of any part of those payments to the benefit of the children was not controlled by the terms of the agreement. The wife was not required to apply any minimum portion of the payments to the care and support of the children. Failing such an explicit limitation on her use of payments received, it is clear that no part of such payments could be regarded as "fixed" as "payable for the support of minor children"; the tax obligation with respect to the entire amount received remains with the wife unless the agreement itself sets forth a proportion of the alimony which must be allocated to the children. Lester v. Commissioner of Internal Revenue, 279 F.2d 354, 357 (2 Cir. 1960), aff'd, 366 U.S. 299, 81 S.Ct. 1343, 6 L.Ed. 2d 306 (1961); Hirshon's Estate v. Commissioner of Internal Revenue, supra; Weil v. Commissioner of Internal Revenue, supra.

■ In order to shift the tax burden from wife to husband under Section 71 (b), there must be express and specific designation in the separation agreement of amounts which must be used for support of the children; determination of the tax consequences of alimony payments may not be made by inference or conjecture. Commissioner of Internal

---

1. Decided December 5, 1957; modified on rehearing January 8, 1958.

Revenue, v. Lester, 366 U.S. 299, 303, 306, 81 S.Ct. 1343, 6 L.Ed.2d 306 (1961); see also 26 C.F.R. § 1.71–1(e). The agreement in this case did not comply with the strict requirements of the statute, and the full amount of alimony paid in 1958 and 1959 was therefore income to petitioner Van Oss and deductible by respondent Salzberg.

Accordingly, the decisions of the Tax Court are affirmed.