SARA NICOLL GOTTHELF, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

THEODORE J. GOTTHELF AND TOBY GOTTHELF, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 5921–65, 6269–65.    Filed August 11, 1967.

*Seymour Reitknecht,* for the petitioner in docket No. 5921–65.
*Harvey L. Gardner,* for the petitioners in docket No. 6269–65.
*Jay Hamelburg,* for the respondent.

OPINION

RAUM, *Judge:* The Commissioner determined the following deficiencies in the income tax of petitioners for the year 1960: Sara Nicoll Gotthelf, $2,092.37; Theodore J. and Toby Gotthelf, $1,632.87.

The sole question for decision is whether $7,000 out of a total of $11,400 paid in 1960 by a divorced husband to his former wife, pursuant to a separation agreement, is deductible as alimony by the husband and includable in the income of the divorced wife under the provisions of section 71(a) and 215 of the 1954 Code, or whether the payment of that $7,000 represents child support under section 71(b), which is neither deductible by the husband nor includable in the income of the wife.[1]

---

[1] SEC. 71.    ALIMONY AND SEPARATE MAINTENANCE PAYMENTS.

   (a) GENERAL RULE.—

      (1) DECREE OF DIVORCE OR SEPARATE MAINTENANCE.—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

      (2) WRITTEN SEPARATION AGREEMENT.—If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). * * *

      *       *       *       *       *       *       *

   (b) PAYMENTS TO SUPPORT MINOR CHILDREN.—Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms

The pertinent facts have been stipulated, and, as stipulated, are incorporated herein by reference as our findings of fact.

Petitioner Sara Nicoll Gotthelf filed her Federal income tax return for 1960 with the district director of internal revenue, Manhattan District, N.Y. Petitioners Theodore J. Gotthelf and Toby Gotthelf filed their joint Federal income tax return for 1960 with the district director of internal revenue, Brooklyn, N.Y. All petitioners were residents of New York when the petitions herein were filed.

Sara and Theodore were married on July 20, 1951. They had two children, Nicole Patrice Gotthelf, born on July 28, 1955, and Eric Van Gotthelf, born on October 24, 1956. On March 28, 1958, Sara and Theodore entered into a separation agreement. They were divorced on April 3, 1958, and the separation agreement was incorporated in the decree of divorce by reference. The agreement provided in part as follows:

(5) (a) In addition to the provisions heretofore made in Paragraph "4", the husband will hereafter pay to the wife, so long as she shall remain alive and does not remarry, the sum of TWELVE THOUSAND ($12,000.00) DOLLARS annually as and for her support and for the support, care (including, but not by way of limitation, medical care and expenses), maintenance and education of the children of the marriage. Payment of the aforesaid sum shall be made in equal monthly installments of ONE THOUSAND ($1,000.00) DOLLARS each on the 1st day of each month in advance. * * *

(b) In the event that the parties become divorced, and that the wife thereafter remarries, then the amount which the husband shall pay the wife for the purposes stated in 5 (a) of this agreement shall be reduced to the sum of SEVEN THOUSAND ($7,000.00) DOLLARS annually, to be paid in equal monthly installments, subject to the further provisions of paragraph 5 (c) of this agreement.

(c) When either child reaches the age of twenty-one years, or in the event of the death or marriage of either child before he or she becomes twenty-one years of age, or in the event that either child is no longer living under the care and supervision of the mother (e.g., if either child is in the military forces), then the amount which the husband shall pay the wife shall be reduced by THIRTY FIVE HUNDRED ($3,500.00) DOLLARS on an annual basis for each child, so that when both children reach the age of twenty-one years, or have died or have married before they reach the age of twenty-one years, or are no longer living under the care and supervision of the mother (e.g., if in the military forces) (and in the event that the wife has not remarried), then the sole obligation of the husband will be to pay the wife the sum of FIVE THOUSAND DOLLARS ($5,000.00) annually, payable in equal monthly installments.

of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.

SEC. 215. ALIMONY, ETC., PAYMENTS.

(a) GENERAL RULE.—In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. * * *

A rider attached to the agreement reads as follows:

This agreement shall be binding on the Estate of the husband to the extent of the payment of SEVEN THOUSAND ($7,000.00) DOLLARS for the benefit of the two children, as in this agreement provided for.

The agreement, dated March 28, 1958, consisted of eight numbered pages signed on page 8 by Theodore and Sara, followed by the rider on a separate page numbered 8–A, also signed by Theodore and Sara, followed in turn by an unnumbered page in which the signatures of Theodore and Sara on the "foregoing instrument" were notarized. The signatures of both parties were thus notarized on March 28, 1958. The sheet containing the notarizations was in turn followed by two unnumbered sheets containing two exhibits. The eight numbered sheets, the rider on page 8–A, the notarization sheet, and the two exhibits were all bound together in the foregoing sequence.

In the income tax return filed by Theodore and Toby Gotthelf for the year 1960 they claimed a deduction of $12,000 for "alimony" paid by Theodore to Sara during that year pursuant to the separation agreement. The Commissioner determined that the payments to Sara amounted to $11,400 and that $7,000 of this amount was for child support and was not deductible by Theodore and Toby Gotthelf under the provisions of sections 71 and 215. In their petition Theodore and Toby concede that the payments made to Sara in 1960 amounted to $11,400. They contend that this amount is deductible by them as alimony.

In the income tax return filed by Sara for the year 1960 she included $4,400 in her income as alimony received from Theodore. The Commissioner determined that the entire $11,400 received by her from Theodore during that year constituted alimony which was includable in her gross income. She contends that $7,000 of this amount was for child support and was, therefore, not includable in her gross income under the provisions of section 71(b).

We are satisfied that, in the absence of the rider on page 8–A, the $7,000 payment would not qualify as child support under section 71 (b), in accordance with *Commissioner* v. *Lester*, 366 U.S. 299. Cf. *Van Oss* v. *Commissioner*, 377 F. 2d 812 (C.A. 2). True, the plain implication of paragraph 5(a), (b), and (c) of the agreement is that such payment was intended as child support. Thus, $12,000 a year is to be paid annually to the wife for her support as well as "for the support, care * * *, maintenance and education" of the two children; but, in the event of the wife's remarriage, the aggregate annual payment is to be reduced to $7,000; and, in the event that a child reaches the age of 21, or dies or marries, or is no longer living under the care and supervision of the mother, the annual amount payable by the husband to the wife is to be reduced by $3,500. Here, then, is a clear

indication that the parties to the agreement intended the $12,000 to be composed of $5,000 for the support of the wife and $7,000 for the support of the two children. But, under *Lester*, we are not permitted to indulge in any such interpretation of the agreement. Section 71(b) provides that the agreement must "fix, in terms of an amount of money or a part of the payment" the sum which is claimed to represent child support, and *Lester* holds that these provisions must be applied literally. It is not enough that there be "a sufficiently clear purpose" as to the amount or portion allocable to child support; the decree or written instrument incident to the divorce must "specifically designate" or "fix" the amount or portion which is to be applied to the support of the children. 366 U.S. at 303, 305.

Does the addition of the rider on page 8–A cure the defect? We think it does. Although crudely drafted, the rider does supply the specificity otherwise missing in paragraph 5. It removes any possible doubt that $7,000 represents child support. Paragraph 5(a) designates $12,000 for the wife's support "and for the support, care * * *, maintenance and education of the children," but it does not state in specific terms what portion of that aggregate amount is thus to be devoted for the children's benefit. Although the parties understood what portion was to be thus devoted, as revealed by subparagraphs (b) and (c), the amount allocable to the children was specifically set forth in the rider as $7,000.

To be sure, the purpose of the rider appears to have been to make certain that the $7,000 obligation in respect of the children would be binding on the father's estate in the event of his death. But it specified, beyond all ambiguity, that the amount "for the benefit of the two children, as in this agreement provided for," i.e., for their "support, care * * *, maintenance and education" was $7,000. It made specific that which would have been left to inference in its absence, and thus supplied what was lacking in *Lester*.

Certainly, if the pertinent language of paragraph 5(a) had read "$12,000 annually, consisting of $5,000 for her support and $7,000 for the support, care * * *, maintenance and education of the children," there could be no dispute that the $7,000 would qualify as child support under section 71(b). We think that the rider achieves precisely this result. Although ineptly drawn, it does specify $7,000 as the amount "payable for the benefit of the two children"; that language in turn is modified by the words "as in this agreement provided for," and those words in turn are referable only to the provisions of paragraph 5. Thus, the provisions for child support in paragraph 5 are equated in the rider to the words "for the benefit of the two children," and the amount thereof is specifically fixed at $7,000. The rider itself was executed as part of the original agreement on the same day, March 28,

694

1958, and the $7,000 figure therein is just as much a part of that agreement as though it had appeared in paragraph 5. It is a matter of no consequence that the rider was intended to spell out an obligation after the father's death, for, in the course of so doing, it also amplified the language of paragraph 5 so as to nail down the amount payable for the support of the children. In the circumstances, we conclude that the agreement did "fix, in terms of an amount of money" the sum payable for the support of the two children, as required by section 71(b).

We reach this conclusion without reliance upon any of the evidence presented by the wife showing that the subsequent conduct of the parties themselves, the positions urged by them in subsequent litigation, and the judicial action taken in such subsequent litigation, were all upon the basis that $7,000 represented child support. That evidence, under *Lester* and section 71(b), was irrelevant, since the amount allocable to child support must appear explicitly in the instrument itself; however, it is interesting to note that such evidence in fact confirms the result that we reach.

*Decisions will be entered under Rule 50.*