Edna V. Malone v. Commissioner.
Malone v. Commissioner
Docket No. 1838-66.
United States Tax Court
T.C. Memo 1967-168; 1967 Tax Ct. Memo LEXIS 92; 26 T.C.M. (CCH) 789; T.C.M. (RIA) 67168; August 17, 1967
Edna V. Malone, pro se, 1530 Brook Ave., New York, N. Y. Stanley J. Goldberg and Leon M. Kerry, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined a deficiency in the Federal income tax of petitioner for the calendar year 1962 in the amount of $185, plus an addition to tax under section 6653(a) of the Internal Revenue Code of 1954 in the amount of $9. [1]
The issues for determination are: (1) whether certain payments in the amount of $1,040 received by petitioner during 1962, pursuant to an order of the State of New York Family Court, Bronx County, are includable *93 in her gross income; and (2) whether petitioner is entitled to a dependency exemption for her daughter, Charlotte. Findings of Fact Some of the facts were orally stipulated and together with the joint exhibits are incorporated herein by this reference. Petitioner's legal residence is New York, New York. She filed her Federal income tax return for the calendar year 1962 under her maiden name, Edna V. Clark, with the district director of internal revenue at Manhattan, New York. Petitioner, on November 13, 1956, filed a petition alleging nonsupport against her husband, Charles Malone, in the State of New York, Family Court, Bronx County (hereinafter referred to as the court). On that same day the court ordered that Charles Malone pay $25 per week for the separate support of petitioner and "No. 1" (who was later identified as petitioner's daughter, Charlotte) beginning on November 16, 1956. Subsequently the original order was modified, and on January 4, 1962, the court continued a previous modification and ordered that petitioner be paid $20 per week plus $1 per week on arrears beginning January 5, 1962. During the year 1962, while petitioner was separated and living apart *94 from her husband, she received the amount of $1,081 pursuant to the above order. A certified letter from the Chief of the Support Bureau of the court states that the sum of $1,081 had been received and disbursed to petitioner for the calendar year 1962. Respondent, however, in his statutory notice of deficiency included only the sum of $1,040 in petitioner's income. Petitioner, on her income tax return for the year 1962, did not include any portion of these payments in her income. Respondent, in his statutory notice of deficiency, determined that the amount of $1,040 received by petitioner was properly includable in her gross income under section 71 of the Internal Revenue Code of 1954. At the trial petitioner amended her petition to include the claim for a dependency exemption for her daughter, Charlotte. Charlotte, age 13, lived with petitioner during the calendar year 1962. Petitioner was the sole source of her daughter's support. Petitioner paid rent on the apartment in which they lived at a rate of $47.25 per month, paid approximately $20 per week for food for both of them, and paid approximately $100 for her daughter's dental and medical expenses. *95 Petitioner supplied her daughter with 50" per day for lunch during the school term and paid $1.50 per week for summer play school. Petitioner was the recipient of approximately $780 in State unemployment compensation. In addition, her wages for the year 1962 were $806.38, and she received $1,081 from Charles. She spent at least this amount in support of her daughter and herself during 1962. No one else contributed to the support of the daughter. Opinion The first issue for determination is whether the amount of $1,040 received by petitioner during 1962, pursuant to an order of the court, is properly includable in her gross income. Section 71(a)(3) provides: (3) Decree for Support. - If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly. Section 71(b) provides: (b) Payments to Support Minor Children. - Subsection *96 (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. * * * There is no question that the facts of the instant case place it squarely within the scope of section 71(a)(3). See Florence Korman, 36 T.C. 654 (1961), affirmed per curiam 298 F. 2d 444 (C.A. 2, 1962). Petitioner, however, argues that in 1962 all payments were for the support of her daughter within the scope of section 71(b). The court order in the case at bar provides that the payments will be for the support of petitioner and Charlotte. The modifications merely altered the amount of the payments, not their character. The Supreme Court, in the case of Commissioner v. Lester, 366 U.S. 299 (1961), held that section 71(b)'s predecessor, section 22(k), required that the operative instrument expressly specify or fix a sum certain or a percentage of the payment as child support before it can be excluded from the wife's income. The same approach has been applied to section 71(b). See Van Oss v. Commissioner, 377 F. 2d 812 *97 (C.A. 2, 1967), affirming a Memorandum Opinion of this Court. In the case at bar no such designation appears in the order. We, therefore, hold that the payments are not within the purview of section 71(b) and are includable in petitioner's gross income pursuant to section 71(a)(3). With regard to the second issue for decision, the respondent has conceded that petitioner is entitled to a dependency exemption for Charlotte if we find that petitioner provided more than one-half of the total support of her minor child. We hold that petitioner has met her burden that she provided more than one-half of her daughter's total support for the year 1962. In fact, she provided the entire amount expended to support Charlotte. Petitioner is therefore entitled to a dependency exemption for Charlotte for the year 1962. Decision will be entered under Rule 50. Footnotes
1. Respondent has conceded the addition to tax under sec. 6653(a), I.R.C. 1954↩.