**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**Sara N. GOTTHELF, Respondent.**

**Theodore J. GOTTHELF and Toby Gotthelf, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

Nos. 83–85, Dockets 32363–32365.

United States Court of Appeals Second Circuit.

Argued Oct. 15, 1968.

Decided Jan. 28, 1969.

**492**

Harvey M. Sklaver, New York City, for petitioners Theodore J. Gotthelf and Toby Gotthelf.

Richard M. Roberts, Acting Asst. Atty. Gen., Washington, D. C. (Lee A. Jackson, C. Guy Tadlock, Marian Halley, Washington, D. C., attorneys, on the brief), for Commissioner of Internal Revenue Service as petitioner and respondent.

Seymour Reitknecht, New York City, for respondent Sara N. Gotthelf.

Before WATERMAN and MOORE, Circuit Judges, and BONSAL,* Judge.

MOORE, Circuit Judge:

Theodore and Toby Gotthelf appeal from a decision of the Tax Court entered on November 24, 1967, which found a deficiency in income tax due from them for the taxable year 1960 in the amount of $1,320.87. The question presented for review is whether the provisions of a separation agreement between Theodore and Sara Gotthelf, his former wife, "fixed" a certain amount of money exclusively for the support of their two minor children.

The pertinent facts were stipulated, and incorporated by reference into the Tax Court's findings of fact. Sara and Theodore were married in 1951. They had two children, Nicole and Eric, born in 1955 and 1956, respectively. On March 28, 1958, they entered into a separation agreement. Divorce followed a week later and the separation agreement was incorporated by reference into the decree of divorce. The portion of that agreement important to this case reads as follows:

> 5(a) In addition to the provisions heretofore made in Paragraph "4", the husband will hereafter pay to the wife, so long as she shall remain alive and does not remarry, the sum of Twelve Thousand ($12,000.00) Dollars annually as and for her support and for the support, care (including, but not by way of limitation, medical care and expenses), maintenance and education of the children of the marriage. Payment of the aforesaid sum shall be made in equal monthly installments of One Thousand ($1,000.00) Dollars

---

* Of the Southern District of New York, sitting by designation.

each on the 1st day of each month in advance. * * *

(b) In the event that the parties become divorced and that the wife thereafter remarries, then the amount which the husband shall pay the wife for the purposes stated in 5(a) of this agreement shall be reduced to the sum of Seven Thousand ($7,000.00) Dollars annually, to be paid in equal monthly installments, subject to the further provisions of paragraph 5(c) of this agreement.

(c) When either child reaches the age of twenty-one years, or in the event of the death or marriage of either child before he or she becomes twenty-one years of age, or in the event that either child is no longer living under the care and supervision of the mother (e. g., if either child is in the military forces), then the amount which the husband shall pay the wife shall be reduced by Thirty-Five Hundred ($3,500.00) Dollars on an annual basis for each child, so that when both children reach the age of twenty-one years, or have died or have married before they reach the age of twenty-one years, or are no longer living under the care and supervision of the mother (e. g., if in the military forces) (and in the event that the wife has not remarried), then the sole obligation of the husband will be to pay the wife the sum of Five Thousand ($5,000.00) Dollars annually, payable in equal monthly installments.

Equally important is the rider attached to the agreement:

This agreement shall be binding on the Estate of the husband to the extent of the payment of Seven Thousand ($7,000.00) Dollars for the benefit of the two children, as in this agreement provided for.

In his income tax return for the year 1960 Theodore, filing jointly with his present wife Toby, claimed a deduction of $12,000 for "Alimony" paid by him to Sara for that year pursuant to the terms of the above agreement. The Commissioner determined, and Theodore thereafter conceded, that the amount actually paid to Sara was $11,-400. In any event, the Commissioner found that $7,000 of this amount was for child support rather than for alimony and was, therefore, not deductible by Theodore under the provisions of the Internal Revenue Code of 1954 which allows a deduction for the amount of alimony paid to a divorced spouse (26 U.S.C. § 215(a)) even if used for purposes of child support (26 U.S.C. § 71 (a)) unless the terms of the separation agreement "fix" the amount to be paid for child support. Theodore contested this determination in the Tax Court proceeding below, contending that the entire $11,400 was deductible.

Sara's income tax return for 1960 included $4,400 as alimony received from Theodore. Following a determination by the Commissioner that the entire $11,400 paid to her that year was alimony and therefore includible in her gross income, she asked the Tax Court to find that $7,000 of the total was for child support and therefore not includible in her gross income under the provisions of 26 U.S.C. § 71(b).

The Tax Court, considering both of the Commissioner's determinations in a consolidated proceeding, held that the $7,000 was neither deductible by Theodore nor includible in Sara's gross income. In this appeal from that decision, Theodore contends that the agreement, even when coupled with the rider, did not "fix" an amount for the support of the minor children pursuant to § 71(b), which provides that a divorced wife need not include in gross income " * * * that part of any payment which the terms of the decree, instrument or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband."

Construing this statute in Commissioner of Internal Revenue v. Lester, 366

U.S. 299, 303, 81 S.Ct. 1343, 1346, 6 L.Ed. 2d 306 (1960), the Supreme Court said:

"The agreement must expressly specify or 'fix' a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does not say that 'a sufficiently clear purpose' on the part of the parties is sufficient to shift the tax. It says that the 'written instrument' must 'fix' that 'portion of the payment' which is to go to the support of the children. Otherwise, the wife must pay the tax on the whole payment."

As pointed out by the Tax Court, the plain implication of the agreement is that $7,000 was intended for the support, care and maintenance of the children and $5,-000 for the support of Sara; in the event Sara would remarry, the aggregate annual payment would be reduced to $7,000; in the event that a child reaches the age of 21, marries, dies or is no longer living under the supervision of Sara's household, the aggregate payment would be reduced by $3,500; and in the event that Sara did not remarry and both children were no longer entitled to support because of the reasons just mentioned, Sara would receive $5,000.

The question, therefore, is whether the addition of the rider clause cures the ambiguity or defect. We agree with the conclusion of the Tax Court that it does. The language of the rider binding Theodore's estate to the extent of $7,000 "for the benefit of the two children *as in this agreement provided for*" makes specific that which would otherwise have been left for inference. The rider was executed on the same day as the original agreement and there can be no question that it refers back to Paragraph 5 of the agreement. Although clearer language in the agreement such as "$12,000 annually, consisting of $5,000 for her support and $7,000 for the support, care, maintenance and education of the children" would have been preferred, and would have saved the parties considerable litigation,

the rider, in our opinion, achieves the same result.

The cases of this circuit cited by Theodore, all of which hold that the amount of money used for child support was not "fixed" in the agreement, are distinguishable and do not hinder our conclusion. In Van Oss v. Commissioner of Internal Revenue, 377 F.2d 812, 814 (2d Cir. 1967), there was no provision in the agreement for the reduction of payments to the wife if the children died or ceased to reside with their mother. Similarly, in Weil v. Commissioner of Internal Revenue, 240 F.2d 584, 588 (2d Cir. 1957) and Hirshon's Estate v. Commissioner of Internal Revenue, 250 F.2d 497 (2d Cir. 1957) (Per Curiam)—both pre-Lester cases—payments to the wife were not to be reduced whenever a child left the household. In Weil, the agreement specifically provided that all payments to the wife might continue despite the children's death, majority or absence from the wife's household. In Hirshon's Estate the sums paid to the wife were available for her own use regardless of what the child did, so long as she, the wife, did not remarry.

The decision of the Tax Court is affirmed.