**Martha W. Collord FRYER, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 264, Docket 34652.

United States Court of Appeals, Second Circuit.

Submitted Oct. 21, 1970.

Decided Nov. 2, 1970.

Robert C. Fryer, for appellant.

Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, Wesley J. Filer, Washington, D. C., Attys., for appellee.

Before WATERMAN, FRIENDLY and FEINBERG, Circuit Judges.

PER CURIAM:

Martha W. Collord Fryer appeals from a decision of the Tax Court, Tannenwald, J., holding that there was a deficiency of $228 for the year 1966. In that year, appellant received a total of $5,200 from her former husband pursuant to a separation agreement. The issue before the Tax Court was whether $2,600 of that amount should have been taxed to appellant as alimony or excluded from her income as child support. Although the Tax Court had "little doubt" that the parties intended "to provide $50 per week as alimony and $25 per week for the support of each of the two minor children," it held that the agreement failed to fix the latter amount with the specificity required by section 71(b) of the Internal Revenue Code. The Tax Court felt bound to reach this result by Commissioner v. Lester, 366 U.S. 299, 81 S.Ct. 1343, 6 L.Ed.2d 306 (1961), which held that for the section 71(b) exclusion from gross income to apply, the instrument must "specifically designate" or "fix" the amount or portion to be applied to child support. The court below distinguished Commissioner v. Gotthelf, 407 F.2d 491 (2d Cir.), cert. denied, 396 U.S. 828, 90 S.Ct. 78, 24 L.Ed.2d 79 (1969), where there was a rider to the separation agreement which transformed the allocation implicit in the main agreement into the specific designation required by section 71(b).

We agree with the Tax Court that the agreement in this case [1] does not meet the strict requirement of *Lester*, and that *Gotthelf* is distinguishable. Any reconsideration of *Lester* should come from the Supreme Court or Congress.

Judgment affirmed.

---

[1] The crucial paragraph provided:

The husband shall pay to the wife the sum of One Hundred Dollars ($100.00) each week for the support and maintenance of the wife and children. In the event of the remarriage of the wife, the amount shall be reduced to the sum of Fifty Dollars ($50.00) per week. In the event of the reaching of the age of twenty-one (21) years, sooner emancipation, or sooner death of each respective child, the amount that the husband shall pay to the wife shall be reduced by the sum of Twenty-five Dollars ($25.00) per week in each respective instance; provided, however, that so long as either child is attending an institution of higher education, and continues to reside with the wife, and has not become emancipated, and has not reached the age of twenty-five (25) years, said reduction with respect to such child shall not take place.