Ramsay E. Miller v. Commissioner.
Miller v. Commissioner
Docket No. 3835-70 SC.
United States Tax Court
T.C. Memo 1972-9; 1972 Tax Ct. Memo LEXIS 247; 31 T.C.M. (CCH) 19; T.C.M. (RIA) 72009; January 11, 1972, Filed Charles L. Johnson, Capitol Tower, Salem, Ore., for the petitioner. Joseph M. Wetzel, for the respondent. DRENNEN
Memorandum Findings of Fact and Opinion DRENNEN, Judge: Respondent determined deficiencies in petitioner's Federal income tax in the amounts of $111, $165, and $291 for the years 1965, 1966, and 1967, respectively. [1] The issue presented for our determination is whether petitioner's payments to his divorced wife during the years in question constitute nondeductible child support payments, or alimony deductible by him under section 215 of the 1954 Internal Revenue *248 Code (hereinafter Code). Findings of Fact Some of the facts were stipulated and are found accordingly. Petitioner resided in Salem, Ore., at the time he filed the petition herein. He filed his individual Federal income tax returns for the taxable years 1965 and 1966 with the district director of internal revenue, Portland, Ore. On September 5, 1953, petitioner married Patricia L. Sunderlin (hereinafter Patricia) in Salem, Ore. From this marriage four children were born, each of whom was less than 18 years of age and was a "minor" within the meaning of section 71(b) of the Code during the years involved. Petitioner's marriage to Patricia was dissolved by her successful suit for divorce in the Oregon Circuit Court for Marion County, on April 12, 1962. The divorce 20 decree awarded the permanent care, custody, and control of the minor children of the parties to Patricia, and further provided, in pertinent part: IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the property settlement agreement entered into by and between the *249 parties hereto and admitted as an exhibit in evidence at the trial of this cause on the 5th day of April, 1962, be, and the same is hereby confirmed, and IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant pay to the Clerk of this Court for the benefit of the plaintiff the sum of $37.50 per month for each of the said minor children on or before the 27th day of April, 1962, and on the 27th day of each and every month thereafter, until said children have reached the age of majority or until further order of this Court, and IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the entire matter of said support payments be reviewed and re-evaluated at a hearing before this Court during the month of April, 1963, unless earlier reviewed and re-evaluated pursuant to order of this Court, * * *. During the pendency of the divorce proceeding petitioner and Patricia executed the property settlement agreement which was referred to and confirmed by the divorce decree. The agreement, in addition to settling all property rights between the parties, provided that Patricia should have the care, control, and custody of the children and further provided: (4) That the party of the second part *250 does hereby agree to pay unto the party of the first part for the care, support and maintenance of the minor children of the parties hereto, the sum of $37.50 per month for each of the said minor children of the parties hereto, each and every month hereafter, until said children have reached the age of majority or until further order of the Court. * * * (10) That the party of the first part, for and in consideration of the covenants herein contained, does hereby waive any payment of any further alimony for her support and maintenance. * * * It is hereby agreed * * * that this agreement shall be subject to confirmation by the Court. Pursuant to the agreement and divorce decree petitioner paid to Patricia a total of $600 in 1965 and $765 in 1966. Petitioner deducted the payments on his tax returns for 1965 and 1966 as alimony. Respondent disallowed the amounts as nondeductible child support payments. Section 71 of the Code provides: (a) General Rule. - (1) Decree of divorce or separate maintenance. - If a wife is divorced * * * from her husband under a decree of divorce * * *, the wife's gross income includes periodic payments * * * received after such decree in discharge *251 of * * * a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce * * *. * * * (b) Payments to Support Minor Children. - Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. * * * Section 215 of the Code provides in pertinent part: (a) General Rule. - In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. * * * The only issue for decision is whether the payments qualify as child support payments under section 71(b). If they do they are not includable in Patricia's income and are not deductible by petitioner; if they do not, the payments are taxable as alimony to Patricia and are deductible by petitioner under section 215. Petitioner argues that under Commissioner v. Lester, 366 U.S. 299, 302, *252 the terms of the divorce decree, considered alone, do not expressly specify or "fix" a sum certain or percentage of the payments for child support to qualify as child support payments under section 71(b). He further contends that the terms of the settlement agreement cannot be considered in making this determination because under Oregon law, citing Hagen v. Hagen, 193 Ore. 369, 238 P. 2d 747, the terms of a settlement agreement cannot become a part of a divorce decree by reference and confirmation alone, but must be incorporated therein verbatim 21 if they are to be a part of the decree. We disagree with both arguments of petitioner. In Commissioner v. Lester, supra, the Supreme Court concluded that Congress intended that, to come within the exception portion of section 22(k) of the 1939 Code (the progenitor of section 71(b)), the agreement providing for the periodic payments must specifically state the amounts or parts thereof allocable to the support of the children; it must expressly specify or "fix" a sum certain or percentage of the payment for child support before any payment is excluded from the wife's income. Limiting ourselves to the terms of *253 the divorce decree alone, we think they meet the standards laid down by the Supreme Court. The clear language of the decree is that petitioner was to pay Patricia a specified amount each month for each child. While the language used is not as complete as it is in the settlement agreement, we have no doubt that it specified and fixed the amount of the payment for child support. Petitioner argues that because the payments were directed to be made "to the Clerk of this Court for the benefit of the plaintiff" (Patricia) they were not expressly designated for the support of the children. The simple answer to this is that where the decree directed the payments to be made to the Clerk instead of directly to Patricia, the words "for the benefit of the plaintiff" simply indicated the fiduciary capacity in which the Clerk received the payments and did not specify the ultimate destination of the payments or the purpose for which they were to be made. Furthermore, we do not accept petitioner's argument that we may not look to the settlement agreement for further enlightenment, if such is needed, simply because of Oregon law. We need not inquire into the Oregon law, because the characterization *254 of the payments and the right to the deduction must be decided under Federal law. Commissioner v. Tower, 327 U.S. 280 (1946); Wilma Thompson, 50 T.C. 522 (1968); William E. Borbonus, 42 T.C. 983 (1964). See also, H. Rept. No. 2333, 77th Cong., 2nd Sess. (1941), 1942-2 C.B. 427; S. Rept. No. 1631, 77 Cong., 2nd Sess. (1941), 1942-2 C.B. 568. Section 71(b) of the Code provides that subsection (a) shall not apply to that part of the payment which the terms of the "decree, instrument, or agreement fix" (emphasis supplied) as support of the minor children. The divorce decree recognized and confirmed the settlement agreement and it is apparent that the payments were made pursuant to the agreement or contract of the parties as well as under the divorce decree. Section 71(b) thus gives the right, independently of Oregon law, to look to the terms of the settlement agreement to determine whether the payments qualify as child support payments. Furthermore, regardless of Oregon law, we would not don blinkers and limit ourselves to the terms of the divorce decree if there was any doubt as to their meaning, when the decree is so obviously *255 based on the settlement agreement, and the settlement would clarify an ambiguity in the divorce decree. Sara Nicoll Gotthelf, 48 T.C. 690, affd. 407 F. 2d 491 (C.A. 2, 1969), certiorari denied 396 U.S. 828 (1970); Truman W. Morsman, 27 T.C. 520 (1956). See also, Arthur G. B. Metcalf, 31 T.C. 596 (1958). Turning only briefly to the terms of the settlement agreement, it becomes abundantly clear that the amount of the payments to be used for child support were "fixed" thereby. Paragraph (4) of the agreement expressly states that petitioner agrees "to pay unto the party of the first part for the care, support and maintenance of the minor children" (emphasis supplied) the sum of $37.50 per month for each child. No other periodic payments were to be made by petitioner to Patricia under either the agreement or the divorce decree. Such specificity surely meets the standards pronounced by the Supreme Court in the Lester case, to qualify the payments as child support payments. Thus, the payments are not deductible by petitioner. Because of our uncertainty with regard to the stipulated disposition of the tax liability for the *256 year 1967, Decision will not be entered under Rule 50. 22 Footnotes
1. The tax liability for the year 1967 was settled by a supplemental stipulation filed by the parties at the trial and is no longer involved.↩