SALLY MacPHERSON KAUFFMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kauffman v. Commissioner
Docket No. 2313-77.
United States Tax Court
T.C. Memo 1979-376; 1979 Tax Ct. Memo LEXIS 144; 39 T.C.M. (CCH) 151; T.C.M. (RIA) 79376; September 17, 1979, Filed Louis Biancone, [1] for the petitioner. Richard Kestenbaum, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge James M. Gussis pursuant to the provisions of section 7546(c) of the Internal Revenue Code of 1954, as amended, and General Order No. 6 of this Court. [2] The Court agrees with and adopts the Special Trial Judge's opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent determined *145 a deficiency in petitioner's Federal income taxes for the years 1972, 1973 and 1974 in the respective amounts of $3,533, $1,585 and $971. The issue is whether any portion of the payments received by petitioner in 1972, 1973 and 1974 from her husband under the terms of a separation agreement is excludable from gross income as child support within the meaning of section 71(b) of the Internal Revenue Code of 1954. [3]
FINDINGS OF FACT Petitioner was a resident of Hawthorne, New Jersey at the time the petition in this case was filed. On June 30, 1969 petitioner and her husband David C. Kauffman entered into a separation agreement which provided in part as follows: * * *
4. While David is alive and Sally does not remarry he will pay for support and maintenance of Sally and Carol $4,000 upon execution of this agreement, and $4,000 in sixty days to be evidenced by a note executed and delivered simultaneously with the execution of this agreement; and commencing July 1, 1969 $2166.75 per month until Carol marries or Carol lives away from home *146 for reason other than attending school or college or until Carol reaches the age of 21 years and 4 months, whichever is sooner. At that point, the amount will be reduced to $350 per month and will continue as long as David is alive and Sally does not remarry. * * *
The separation agreement was not modified during the taxable years in issue. During the taxable years 1972, 1973 and 1974 petitioner received total payments from her husband pursuant to the separation agreement in the respective amounts of $31,099, $17,352 and $10,195. Petitioner reported as alimony income the amounts of $21,306, $10,400 and $6,031 in her income tax returns for the years 1972, 1973 and 1974 respectively.Respondent determined that the entire amounts received by petitioner in those years pursuant to the separation agreement were alimony payments properly includable in gross income. OPINION Section 71(b) provides that payments to the wife which under the terms of the decree, instrument, or agreement are fixed as sums payable for the support of minor children of the husband are not includable in the wife's gross income. In Commissioner v. Lester,366 U.S. 299 (1961) the Supreme *147 Court held that payments made by the husband would be treated as child support only if such payments are specifically designated by the applicable written instrument as support for the minor children. The Supreme Court stated at page 303: * * * The statutory requirement is strict and carefully worded. It does not say that "a sufficiently clear purpose" on the part of the parties is sufficient to shift the tax. It says that the "written instrument" must "fix" that "portion of the payment" which is to go to the support of the children. Otherwise, the wife must pay the tax on the whole payment. We are obliged to enforce this mandate of the Congress. Here the separation agreement simply obligated the husband to make the designated periodic payments for the support and maintenance of petitioner and Carol. It does not designate any portion of the payments for Carol. Petitioner calls attention to the reduction by a designated amount in the weekly payments when Carol graduated from college or reached the age of 21 years, whichever occurred first, as an accurate reflection of the intention of the parties that a portion of the payments was for Carol's support. Such understanding *148 (which petitioner testified was "very clear to me") is simply not reflected in the separation agreement in effect during the taxable years in issue. Under the Lester case we are not permitted to indulge in inferences or implications. In Commissioner v. Gotthelf,407 F.2d 491 (2d Cir. 1969), which petitioner relies upon, the Court held that a separation agreement, when coupled with the language in an attached rider clause executed the same date as the original agreement, was sufficient to "fix" the amount for the support of the children within the meaning of the rule in the Lester case. The Court noted that the language of the rider "makes specific that which would otherwise have been left for inference." In other words the two documents were viewed as one in deciding whether the separation agreement fixed the amount of the support payments to the children.We do not have such a situation here. [4]
*149 We conclude on the basis of this record that no portion of the payments received by petitioner in 1972, 1973 and 1974 is excludable from petitioner's gross income as child support under section 71(b). Decision will be entered for the respondent. Footnotes
1. Recognized specially.↩
2. Pursuant to General Order No. 6 the post-trial procedures set forth in Rule 182 of this Court's Rules of Practice and procedure are not applicable to this case.↩
3. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
4. We have considered a letter dated May 20, 1974 from petitioner's husband to petitioner's counsel. Said letter, in the course of emphasizing certain adverse changes in the husband's economic situation, alludes to a reduction of $150 in the weekly payments to his wife because Carol no longer qualified for support in 1974. We fail to perceive how this passing reference in a 1974 letter serves to "fix" that portion of the periodic payments under the 1969 separation agreement which was to go to Carol's support.↩