Ida Mae Gilbert v. Commissioner.
Gilbert v. Commissioner
Docket No. 2476-67.
United States Tax Court
T.C. Memo 1969-101; 1969 Tax Ct. Memo LEXIS 194; 28 T.C.M. (CCH) 547; T.C.M. (RIA) 69101; May 19, 1969, Filed *194 Held, the court order involved herein fails to designate specifically an amount for child support as required by Commissioner v. Lester [61-1 USTC 9463], 366 U.S. 299 (1961); consequently, the payments received by petitioner from her husband pursuant to such order do not qualify as child support, but instead are includable in her gross income as periodic payments received under a decree for support within the meaning of section 71(a)(3), I.R.C. 1954. Ida Mae Gilbert, pro se, 111-08 156th St., Jamaica, N. Y. Marvin A. Fein, for the respondent. STERRETT
Memorandum Findings of Fact and Opinion STERRETT, Judge: The Commissioner determined a deficiency in petitioner's income tax for the calendar *195 year 1965 in the amount of $115.24. The sole issue for our decision is whether certain payments received by petitioner from her husband during the taxable year 1965 are taxable to her as periodic payments made under a decree for support within the meaning of section 71(a) (3), or whether such payments are excludable as child support payments pursuant to the provisions of section 71(b) of the Internal Revenue Code of 1954. [1]
Findings of Fact Some of the facts have been stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. The legal residence of Ida Mae Gilbert (hereinafter referred to as petitioner) at the time of filing the petition herein was Jamaica, New York. She filed her individual Federal income tax return for the calendar year 1965 with the district director of internal revenue at New York, New York. At all times relevant hereto, petitioner and her husband, James H. Gilbert (hereinafter sometimes referred to as James), were living separate and apart. One child, Michele Ann Gilbert, *196 was born to petitioner and James during their marriage. On January 21, 1964, the petitioner filed a suit in the Queens County Family Court of the State of New York (hereinafter referred to as the Family Court) alleging nonsupport against James. In a document entitled "Transcript," the Clerk of the Family Court, Edmond C. Murphy, certifies from an examination of that court's records that petitioner's nonsupport suit was disposed of as follows: January 27, 1964: Respondent admits marriage and paternity of 1 child. Parties living apart. Respondent earning $179.34 bi-weekly. Respondent is ordered to pay $80 bi-weekly for petitioner and 1 child, beginning 2/7/64 - Judge Paige. * * * The Family Court modified its original order in a subsequent proceeding. In the above-mentioned "Transcript," Edmond C. Murphy certifies to the modification as follows: * * * November 26, 1965: Order modified to provide for support of child only in the amount of $40 bi-weekly beginning December 3, 1965. In addition arrears of $920 will be paid off $4 bi-weekly beginning December 3, 1965. - Visitation fixed. - Judge Felix. * * * On June 30, 1966, the petitioner wrote to the Family Court requesting clarification *197 of that court's records for purposes of the instant controversy. In reply to petitioner's request, Edmond C. Murphy, apparently in his then capacity as Administrative Officer of such court, wrote a letter to petitioner dated July 11, 1966. That letter states in pertinent part, as follows: This is to certify that on January 27, 1964 the above named Respondent was ordered to pay eighty dollars ($80) bi-weekly for the support of his wife and one child beginning February 7, 1964. There was no break-down of the order with respect to the wife and/or child. On November 26, 1965 the order was modified to forty dollars ($40) bi-weekly for support of child only beginning December 3, 1965. * * * Pursuant to the Family Court's order of January 27, 1964, petitioner received from 548 James, through the Support Bureau of such court, the amount of $588.00 during the taxable year 1965. Petitioner did not report any portion of this amount as income in her individual Federal income tax return for the calendar year 1965. In this return, petitioner claimed filing status as an "Unmarried Head of Household," and did not file a joint return with her husband James for 1965. Respondent determined that *198 the entire $588.00 should be included in petitioner's income for the taxable year 1965. Opinion Respondent contends that the payments here involved are taxable to petitioner as "periodic payments" received by her under a decree for her support and maintenance within the meaning of section 71(a) (3). [2] Petitioner relies upon the exception for child support payments contained in section 71(b)[3] to exclude these payments from her income. *199 Section 71(b) provides that the decree or written instrument involved must "fix" an amount of money payable for child support before the tax incidents on such amount may be shifted from the wife to Total Amount Floor Planned of the legislative history surrounding the enactment of section 22(k), I.R.C. 1939 (progenitor of section 71, I.R.C. 1954), [4] the Supreme Court in Commissioner v. Lester, 366 U.S. 299 (1961) held that Congress used the term "fix" in the statute to indicate that the amount of the payments allocable to child support must be specifically designated in the decree or written instrument. If an amount is not so specifically designated, the entire sum paid for the support of the wife and minor children of the husband is includable in the wife's gross income as, in effect, alimony. The Supreme Court stated its conclusion on this score in Lester, supra, as follows: * * * The agreement must expressly specify or "fix" a sum certain or percentage of the payment for child support before any of the payment *200 is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does not say that "a sufficiently clear purpose" on the part of the parties is sufficient to shift the tax. It says that the "witten instrument" must "fix" that "portion of the payment" which is to go to the support of the children. * * * According to the "Transcript" of the original proceedings before the Family Court, James was ordered to pay "$80.00 bi-weekly for petitioner and 1 child." In his letter of July 11, 1966, the Administrative Officer of the Family Court verifies that "there was no break-down of the order with respect to the wife and/or child." Thus, the original order obviously lacks the specificity required by the Lester decision, and this is so even though the lack of specificity may be attributable to the lack of artistry of the drafter. We have previously held similar language to be deficient under the strict requirements of Lester, supra. See George F. Reisman, 49 T.C. 570, 574 (1968), and Sara Nicoll Gotthelf, 48 T.C. 690, 692 (1967). [5] We are therefore compelled to the conclusion that the entire $588.00 received by petitioner *201 during 1965 pursuant to the Family Court's original order must be included in petitioner's gross income.
Petitioner calls our attention to the case of Gloria P. Johnson, 45 T.C. 530 (1966), wherein we found that a nunc pro tunc order specifically corrected retroactively a mistake in the original decree to designate an amount for child support and that consequently such amount should be excluded from the wife's income. See also Velma B. Vargason, 22 T.C. 100 (1954), and Margaret Rice Sklar, 549 21 T.C. 349 (1953). to the same effect. Unfortunately for the petitioner the instant case is readily distinguishable on its *202 facts. A nunc pro tunc order is not involved herein. The Family Court did modify its original order to provide child support payments of $40 bi-weekly beginning December 3, 1965. However, this modification clearly operated to alter the rights of the parties prospectively, and did not purport to amend or correct the court's original order retroactively. Mary James Wilson, 49 T.C. 1, 3 (1967). Careful consideration has been given to petitioner's testimony and to her brief and the documents attached thereto. But no matter how sympathetic we may be to her position, we are under a mandate from the Supreme Court in Lester, supra, that with respect to section 71(b) the form of the legal instrument "molds the tax consequence and freezes the substance." Geraldine E. Grummer, 46 T.C. 674, 679 (1966). In view of the foregoing, we conclude that the entire $588.00 received by petitioner from her husband during the taxable year 1965 is includable in her gross income as periodic payments made under a decree for her support pursuant to the provisions of section 71(a) (3) of the 1954 Code. Decision will be entered for the respondent. Footnotes
1. All future statutory references are to the Internal Revenue Code of 1954, unless otherwise designated.↩
2. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) GENERAL RULE. - * * * (3) DECREE FOR SUPPORT. - If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly. ↩
3. SEC. 71 (b)↩ PAYMENTS TO SUPPORT MINOR CHILDREN. - Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband.
4. The language contained in section 22(k)↩ of the 1939 Code has not been changed in any way material to this case.
5. In Gotthelf, supra↩, we went on to hold that a rider attached to the parties' separation agreement cured the defect by supplying the requisite specificity. There is no language involved herein that would serve to shore up similarly the defect in the original court order here at issue. However, and fortunately for the petitioner with respect to later years, this original order was subsequently modified, effective December 3, 1965, to provide specifically that the prescribed payments were for child support.