**William C. WEST and Virginia B. West, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 6493.**

United States District Court
E. D. Virginia,
Norfolk Division.

Aug. 2, 1968.

Canoles & Mastracco, Norfolk, Va., for plaintiffs.

William T. Mason, Jr., Asst. U. S. Atty., E. D. Va., Norfolk, Va., and William W. Guild, Atty., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM ORDER

MacKENZIE, District Judge.

The taxpayer, William C. West,[1] was formerly married to Annie C. West and there were three children born of that marriage. They entered into a Separation Agreement dated April 10, 1950, were granted a divorce a mensa et thoro by the Circuit Court of Princess Anne County, Virginia, on September 1, 1950, which "did approve and confirm" the terms of the separation agreement, and were granted a final divorce decree on April 10, 1952, which directed that the provisions of the decree of September 1, 1950 were ratified and affirmed.

We hold that these references and affirmances have properly incorporated the Separation Agreement as an integral part of the final decree of April 10, 1952. The pertinent parts of that agreement are:

"1. That from and after this date and continuing hence forward until the death or remarriage of second party, first party will pay to second party the sum of Thirty-five ($35.00) Dollars per week for her maintenance and support and for the maintenance, support and education of Annie Laurie West, J. W. C. West and Anthony L. C. West, their infant children, during their minority; and in the event of event of the remarriage of the party of the second

---

1. The suit is filed by William C. West and Virginia B. West. Virginia B. West is his present wife, joined as a party plaintiff because joint returns were filed for the years in suit.

part during the minority of said infant children, he will, after such remarriage, pay to second party during the minority of such infant children the sum of Thirty ($30.00) Dollars per week for their maintenance, support and education; and as each child attains her or his majority, or becomes self-supporting, he will pay to second party the sum of Ten ($10.00) Dollars per week for each of the children who have not attained their majority and who are not self-supporting, until each such child shall attain her or his majority, or becomes self-supporting".

\* \* \* \* \* \*

"3. Second party undertakes to expend at least Thirty ($30.00) Dollars per week of the amounts paid to her by first party for the use and benefit of their infant children".

The statutes involved are:

Internal Revenue Code of 1954:

SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS.

(a) *General Rule.*—

(1) *Decree of divorce or separate maintenance.*—

If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

\* \* \* \* \* \*

(b) *Payments to Support Minor children.*—

Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support".

\* \* \* \* \* \*

(26 U.S.C. 1964 Ed., § 71).

SEC. 215 ALIMONY, ETC. PAYMENTS

(a) General Rule.—In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year.

\* \* \* \* \* \*

(26 U.S.C. 1964 Ed., § 215)."

The issue is whether:—

(a) The payments of $35.00 per week made by the plaintiff to his former wife are includible in the gross income of the wife, and deductible to the husband, or

(b) remain in the gross estate of the husband as not being deductible by him.

The resolution of the issue rests in whether or not the language of the Separation Agreement sufficiently "specifically designates" the amount for child support as to "fix" it in terms of § 71(b) as interpreted by Commissioner of Internal Revenue v. Lester, 366 U.S. 299, 81 S. Ct. 1343, 6 L.Ed.2d 306 (1961).

Justice Clark, in *Lester*, supra, reviews § 71(b), its Committee Hearings, Senate Debates, and House and Senate Reports and concludes:

"The agreement must expressly specify or 'fix' a sum certain or percent-

age of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does not say that 'a sufficiently clear purpose' on the part of the parties is sufficient to shift the tax. It says that the 'written instrument' must 'fix' that 'portion of the payment' which is to go to the support of the children. Otherwise, the wife must pay the tax on the whole payment. We are obliged to enforce this mandate of the Congress". *Lester,* supra, at page 303, 81 S.Ct. at page 1346.

\*　\*　\*　\*　\*　\*

"It [71(b)] does not say that 'a sufficiently clear purpose' on the part of the parties would satisfy. It says that the written instrument must 'fix' that amount or 'portion of the payment' which is to go to the support of the children". *Lester,* supra, at page 305, 81 S.Ct. at page 1347.

█ Applying this language to the instant case, in view of the disagreement which already manifests itself over the phrase appearing in § 3 of the Separation Agreement, "undertakes to spend at least Thirty ($30.00) Dollars per week \* \* \* for the use and benefit of their infant children", it is obvious that such language does not so meet the test of specificity as to "fix" the obligation. The word "undertakes" in the opinion of this Court, in this connotation, means something less than "shall" which could have just as easily been inserted if that were the intention.

Under these circumstances, we hold that the payments by the husband in 1962 and 1963 were not so fixed as child support as to be excluded from the mother's gross income and must therefore be included therein and are deductible from the husband's gross income.

Counsel for the plaintiffs will prepare a proper judgment order in accordance with this Memorandum Order.