William C. WEST and Virginia B. West, Appellees,

v.

UNITED STATES of America, Appellant.

No. 13180.

United States Court of Appeals Fourth Circuit.

Argued June 12, 1969.

Decided July 24, 1969.

Jonathan S. Cohen, Attorney, Department of Justice (Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson and C. Guy Tadlock, Attorneys, Department of Justice, on the brief), for appellant.

Peter W. Martone, Norfolk, Va. (Leroy T. Canoles, Jr., Vincent J. Mastracco, Jr., and Canoles & Mastracco, Norfolk, Va., on the brief), for appellees.

Before BOREMAN, BRYAN and BUTZNER, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge:

The Commissioner of Internal Revenue appeals a decision of the United States District Court for the Eastern District of Virginia, at Norfolk, holding that no portion of the payments made by William West to his former wife Annie was clearly designated as child support, and thus the payments were wholly alimony and not includable in William's income. Int.Rev.Code of 1954 § 71, 26 U.S.C. § 71.

William and Annie entered into a separation agreement April 10, 1950, which was later incorporated in a divorce decree a mensa et thoro of September 1, 1950, and carried into a decree a vinculo matrimonii of April 10, 1952. The agreement provided for the payment of $35 per week as alimony for Annie and for support of the three children born of the marriage. When any child reached 21 or became self-supporting, the weekly sum was to be reduced by $10, and if the wife remarried, the sum was to be reduced by $5 per week. Another clause, crucial here, provided that Annie "un-

*dertakes* to expend at least Thirty ($30.-00) Dollars per week of the amounts paid her by [William] for the use and benefit of their infant children." (Accent added.)

Section 71 of the Internal Revenue Code of 1954, supra, provides:

"(a) *General rule.*—

(1) *Decree of divorce or separate maintenance.*—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments * * * received after such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

\* \* \* \* \* \*

"(b) *Payments to support minor children.*—Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement *fix*, in terms of an amount of money or a part of the payment, as a sum which is payable for support of minor children of the husband." (Accent added.)

Thus whether periodic payments are in whole or in part alimony and so assessable as income to the wife, or are child support and thus assessable as income to the husband, turns on whether the decree or separation agreement "fixes" an amount as child support.

If an agreement providing a sum for both alimony and child support contains stated reductions in the amount upon remarriage of the wife, or a child's marriage, achievement of self-sufficiency, or attainment of the age of 21, seemingly it can be inferred just how much of the payment is child support and how much is alimony. Such an inferential determination does not, however, provide the specificity required by 71(b). Commissioner of Internal Revenue v. Lester, 366 U.S. 299, 81 S.Ct. 1343, 6 L.Ed.2d 306 (1961). Thus in the instant situation,

the separation agreement "fixes" $30 per week as child support only if the "undertakes" clause, just quoted from the agreement, does so. In making this determination, we are guided by *Lester,* where it is said pertinently:

"The agreement must expressly specify or 'fix' a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does not say that 'a sufficiently clear purpose' on the part of the parties is sufficient to shift the tax. It says that the 'written instrument' must 'fix' that 'portion of the payment' which is to go to the support of the children. Otherwise, the wife must pay the tax on the whole payment." *Id.* at 303, 81 S.Ct. at 1346.

Applying *Lester,* the District Court found that " 'undertakes to spend at least Thirty ($30.00) Dollars per week * * * for the use and benefit of their infant children' * * * does not so meet the test of specificity as to 'fix' the obligation. The word 'undertakes' in the opinion of this Court, in this connotation, means something less than 'shall' * * *." West v. United States, 292 F.Supp. 845, 847 (E.D.Va.1968). We find the District Court's reading of *Lester* too exacting.

The Court in *Lester* pointed out that the design of 71(b) is to permit divorced parents to place the income tax burden, on moneys used as child support, upon either husband or wife. However, to avoid uncertain tax consequences and ease revenue collection, the statutory scheme taxes the wife, unless the spouses clearly impress a child support character upon the payments. 366 U.S. at 302–303, 81 S.Ct. 1343. Nevertheless *Lester* requires only words of designation, not words of obligation. No talismanic rubric is demanded; only specification of a certain amount, as here, for child support is needed.

Support for our conclusion is found in Commissioner of Internal Reve-

nue v. Gotthelf, 407 F.2d 491 (2 Cir. 1969). There a separation agreement called for a husband to pay $12,000 per year to his divorced wife and two minor children. If she remarried the total was to be reduced by $5,000, and if a child married or reached 21 in age, a $3,500 reduction followed. A final clause bound the estate of the husband in the amount of $7,000 per year "for the benefit of the two children, as in this agreement provided for." The Tax Court, 48 T.C. 690, held, and the Second Circuit affirmed, that the final clause provided the specificity to fix $7,000 as child support.

The judgment on review must be vacated, and the District Judge requested to enter an order sustaining the Commissioner's assessment.

Vacated and remanded.