DONALD E. AND CATHERINE M. COLUCCI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; JAMES BUSHMAN AND JACQUELINE BUSHMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Colucci v. Commissioner
Docket Nos. 10653-77, 10489-78.
United States Tax Court
T.C. Memo 1980-213; 1980 Tax Ct. Memo LEXIS 374; 40 T.C.M. (CCH) 499; T.C.M. (RIA) 80213; June 23, 1980, Filed *374 Held, payments in the amount of $3,000 made in 1974 by petitioner James Bushman to his former wife, petitioner Catherine M. Colucci, are periodic payments within the meaning of section 71(a)(1), and, therefore, includable in her gross income and deductible by him under section 215. Donald E. Colucci, pro se. Michael J. Schneider, for the petitioners in docket No. 10489-78. John R. Dorocak, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined deficiencies in petitioners' Federal income taxes as follows: Name
Docket No.
Year
Amount
Donald E. and Catherine M.
10653-77
1974
$1,096.38
Colucci
James Bushman and
10489-78
1974
$1,558.38
Jacqueline Bushman
Othe issues for decision are: (1) Whether payments in the amount of $3,000 made in 1974 by James Bushman to his former wife, Catherine M. Colucci, are includable in her gross income and are deductible by him pursuant to sections 71 and 215. [1]
(2) If such payments were for child support, as defined by section 71(b), whether James and Jacqueline Bushman are entitled to claim the dependency exemptions in 1974, pursuant to sections 151 and 152, for the two children born of the prior marriage of James Bushman and Catherine M. Colucci. FINDINGS *376 OF FACT Some of the facts have been stipulated and are found accordingly. Donald E. Colucci and Catherine M. Colucci, husband and wife, resided in Canton, Ohio, when they filed their 1974 joint Federal income tax return and when they filed their petition in this case. James Bushman and Jacqueling Bushman, husband and wife, also resided in in Canton, Ohio, when they filed their 1974 joint Federal income tax return and when they filed their petition in this case. Petitioner James Bushman and petitioner Catherine M. Colucci were married on September 29, 1956. Two children were born of the marriage; James Lloyd, born on May 29, 1957, and Timothy T., born on March 19, 1961. Both were minors during the year at issue. On October 29, 1970, James Bushman and Catherine M. Colucci entered into a Separation Agreement (hereinafter sometimes referred to as Agreement). Under the terms of the Agreement, custody of the minor children was granted to Catherine M. Colucci. The pertinent part of the Agreement is as follows: 6. LUMP SUM ALIMONY
Husband shall pay to Wife as and for a lump sum settlement the sum of $21,780.00 payable at the rate of $180.00 per month for a period *377 of ten years and one month, said payments shall be in the amount of $90 each on the 1st and 15th days of each and every month until the total amount has been paid in full irrespective of the Wife's prior death or remarriage. Said first payment of $90 shall be payable on the 1st day of November 1970 and continue thereafter on the 15th and 1st days of each month until the total amount has been paid in full. 7. SUPPORT
A. The Husband shall pay to the Wife in addition to the above $180.00 the sum of $585.00 per month as and for support of the minor children and the Wife for a period of nine years or until the Wife dies or remarries, whichever occurs first. Provided, however, that the amount of such allowance as now established shall be reduced by $125.00 per month upon the achievement of majority or legal emancipation or death of each of the minor children of the parties. The payment herein provided shall begin on the 1st day of November, 1970. It is further agreed that if the Wife shall become employed and earn in excess of $300.00 per month net before taxes, the amount herein provided for payment to the Wife shall be reduced one dollar for each dollar the Wife earns over *378 $300.00 per month net. In no event, however, shall the said payment to Wife be less than $250.00 per month as a result of the Wife's earnings. It is further agreed that the monthly amount to be paid under paragraph 7 of this Separation Agreement shall be payable in advance on the 1st and 15th days of each and every month of this period of time that any amount is payable, and said first payment shall be on the 1st day of November 1970 and continue thereafter on the 15th day of November and again on the 1st and 15th days of each succeeding month thereafter. On March 22, 1971, the marriage of James Bushman and Catherine M. Colucci was dissolved by a Judgment Entry of Divorce entered by the Court of Common Pleas, Division of Domestic Relations, Stark County, Ohio. Under the terms of the Divorce Decree, the Separation Agreement was incorporated by reference. Petitioner Catherine M. Colucci and petitioner Donald E. Colucci were married prior to and throughout the calendar year 1974. During 1974, petitioner James Bushman made payments totaling $5,160 to petitioner Catherine M. Colucci pursuant to the Separation Agreement as incorporated by the Decree of Divorce. The sum of $2,160 *379 was paid to Catherine M. Colucci pursuant to paragraph 6 of the Agreement. The remaining $3,000 was paid pursuant to paragraph 7 of the Agreement. Petitioners James and Jacqueline Bushman deducted the entire $5,160 as alimony paid on their 1974 return. Petitioners Donald E. and Catherine M. Colucci, however, included only $2,160 of the entire $5,160 as alimony received on their 1974 return. The parties agree that this amount was properly includable as income on the Colucci return and deductible on the Bushman return. The dispute herein involves the tax treatment of the remaining $3,000 James Bushman paid to Catherine Colucci pursuant to paragraph 7 of their Separation Agreement.
OPINION The first issue for decision is whether payments made in 1974 by James Bushman to his former wife, Catherine M. Colucci, are includable in her gross income and are deductible by him pursuant to sections 71 and 215. Section 71(a)(1) provides, in part, that if a wife is divorced from her husband under a decree of divorce, the wife's gross income includes periodic payments received after such decree in discharge of a legal obligation because of the marital relationship. Section 71(b) provides *380 generally that section 71(a)(1) shall not apply to that part of any payment which the terms of the decree fix as a sum payable for the support of minor children of the husband. Moreover, payments made by a former spouse not "in discharge of a legal obligation" are voluntary and are not within the purview of section 71. Hoffman v. Commissioner, 54 T.C. 1607, 1613 (1970), affd. 455 F. 2d 161 (7th Cir. 1972); Brown v. Commissioner, 50 T.C. 865, 868-869 (1968), affd. 415 F. 2d 310 (4th Cir. 1969). If the payments are includable in the wife's gross income under section 71, however, section 215 provides generally that the husband shall be allowed a deduction in the amount of such payments. Petitioner James Bushman maintains that the payments in dispute constituted periodic payments for purposes of section 71(a)(1) requiring petitioner Catherine M. Colucci to include such payments in her gross income and entitling him to a corresponding deduction under section 215. Petitioner Catherine Colucci contends that the amounts she received pursuant to paragraph 7 of the Separation Agreement were for child support as defined by section *381 71(b) and therefore not includable in her gross income. Respondent, a mere stakeholder in the case, argues that since the payments made pursuant to paragraph 7 of the Agreement were terminable upon the remarriage of petitioner Catherine M. Colucci, the payments made by petitioner James Bushman in 1974 were voluntary and therefore includable as income to Catherine M. Colucci under section 71, but not deductible by James Bushman under section 215. Respondent argues, in the alternative, that if the payments are deemed not to be voluntary, they are periodic payments covered by sections 71 and 215 rather than child support in that such payments were not "fixed" for the support of the minor children. Central of the dispute in this case is the ambiguity of paragraph 7 of the Separation Agreement which, like many separation agreements coming before this Court, was drafted with imprecision. The first sentence of paragraph 7 states that petitioner James Bushman shall make payments pursuant to such paragraph for the "support of the minor children and the Wife for a period of nine years or until the Wife dies or remarries, whichever occurs first." Since the wife, petitioner Catherine M. Colucci, *382 had remarried prior to 1974, the year before us, respondent claims that petitioner James Bushman no longer had a legal obligation to make the payments provided for by paragraph 7. Thus, respondent argues that such payments were voluntary and accordingly not covered by sections 71 and 215. See Hoffman v. Commissioner, supra; Brown v. Commissioner, supra.
We believe respondent's view of the ambiguous provision is too simplistic in that it fails to consider the first sentence of paragraph 7 within the context of the remainder of such paragraph. Moreover, respondent's reliance on the cases cited above is misplaced in that they are clearly distinguishable. Each case involved the payment of alimony by the husband after the legal obligation to pay such alimony had ceased under state law due to the remarriage of the wife. The termination of legal obligation created by paragraph 7 in the instant case is not as clear as respondent would have us believe particularly when considering the first sentence of such paragraph within the context of the terms of the whole paragraph. Furthermore, respondent's argument as a mere stakeholder in this case *383 contradicts the views of the parties to the Separation Agreement itself. Despite the ambiguities, petitioner James Bushman believed he was under a legal obligation pursuant to paragraph 7 to make the payments at issue. Petitioner Donald E. Colucci, the husband of petitioner Catherine M. Colucci at the time of trial, represented and testified on behalf of his wife that their position was based on the terms of paragraph 7, thereby indicating their belief that James Bushman continued to have a legal obligation under such paragraph. Although the parties with an interest in the outcome of this case disagree as to the nature of the payments and the proper treatment of them for tax purposes, they do agree that petitioner James Bushman has a legal obligation arising from paragraph 7. Therefore, we must reject respondent's argument and consider the positions of petitioners Bushman and Colucci. Petitioner Catherine M. Colucci argues that the payments were made for child support which is specifically excluded from section 71 by section 71(b). The application of section 71(b) was settled by the Supreme Court in Commissioner v. Lester, 366 U.S. 299 (1961). The language *384 of the separation agreement there provided: "In the event that any of the [three] children of the parties hereto shall marry, become emancipated, or die, then the payments herein specified shall * * * be reduced in a sum equal to one-sixty of the payments which would thereafter otherwise accrue * * *." Supra at 300. The Court held that such language did not "fix" any part of the payments under the decree for the support of minor children. Therefore the entire amount was treated as periodic payments deductible by the husband. Paragraph 7 of the Separation Agreement herein also provides for a reduction of payment "upon the achievement of majority or legal emancipation or death of each of the minor children of the parties." The payments were also to be reduced depending upon petitioner Catherine M. Colucci's earnings. This clearly is insufficient to fix a portion of the payments for child support. While it might be inferred that payments made after remarriage were for the support of the children, the Lester decision and cases decided thereafter make it clear that a mere indication of intent is not sufficient to fix the amounts as child support as required by section 71(b). *385 See West v. United States, 413 F. 2d 294, 295 (4th Cir. 1969); Gotthelf v. Commissioner, 48 T.C. 690, 692-693 (1967), affd. 407 F. 2d 491 (2d Cir. 1969), cert. denied 396 U.S. 828 (1969). Petitioner Catherine M. Colucci had complete freedom and liberty to dispose of the payments for the support of herself or the children as she deemed fit. [2] The reduction in the amount of the payments upon the achievement of majority, legal emancipation, or death of each of the minor children, or upon the increase of the earnings of petitioner Catherine M. Colucci in no way diluted the unfettered control which she retained over the monies to be paid her under the Agreement. Therefore, under the authority of the Lester case we hold that petitioner Catherine M. Colucci must include the payments in the amount of $3,000 she received under the Agreement in 1974 in gross income for that year as required by section 71(a)(1) and petitioner James Bushman is entitled to a corresponding deduction for such amount as allowed by section 215. *386 Having decided that the payments were not for child support, we need not decide the second issue raised by petitioner James Bushman with respect to the dependency exemptions for the children in 1974. To reflect the foregoing, Decisions will be entered under Rule 155.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. At the trial, petitioner Donald E. Colucci testified that the decree in Eisinger v. Commissioner, 250 F. 2d 303 (9th Cir. 1957), cert. denied 356 U.S. 913 (1958) was parallel to the Separation Agreement herein. We disagree. The property settlement agreement in Eisinger↩ restricted certain sums to the support of the children which thereby earmarked or fixed the payments to be made for child support with sufficient certainty and specificity. The same cannot be said for the Separation Agreement in the instant case.