H. DOUGLASS HARRIMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; JOAN T. HARRIMAN, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harriman v. Commissioner
Docket Nos. 730-77, 2058-77
United States Tax Court
T.C. Memo 1980-234; 1980 Tax Ct. Memo LEXIS 354; 40 T.C.M. (CCH) 577; T.C.M. (RIA) 80234; July 3, 1980, Filed H. Douglass Harriman, pro se in dkt. No. 730-77. Brian Boehm, for the petitioner in dkt. No. 2058-77. Joan Ronder Domike, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined deficiencies in petitioners' Federal income taxes [1] as follows: (1) For the taxable year 1973, respondent has determined a deficiency for petitioner H. Douglass Harriman of $2,394.79, and (2) For the taxable year 1973, respondent has determined a deficiency for petitioner *357 Joan T. Harriman of $1,051 plus an addition to tax under section 6653(a) of $53. [2]
The issues remaining for our decision are: (1) Whether certain payments made by Douglass to Joan constitute child support payments under section 71(b), and (2) Whether Douglass or Joan is entitled to the dependency exemptions for their two children, and (3) Whether Joan is liable for the negligence penalty under section 6653(a). FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. H. Douglass Harriman (hereinafter petitioner Douglass Harriman or Douglass) was a resident of New York, New York at the time his petition in this case was filed. Joan T. Harriman (hereinafter petitioner Joan Harriman or Joan) was a resident of Massapequa, New York at the time her petition in this case was filed. Douglass and Joan were formerly married. There were two children born of this marriage, Douglass J., born June 15, 1956, and Gary D., born July 24, 1959. On March 31, 1971, Douglass and Joan entered into a written separation *358 agreement which provides in pertinent part: 5. The Husband shall pay to the Wife, during her lifetime, as and for her support and for the support, care and maintenance of the Children, the following sums of money: (a) The sum of Two hundred twenty-five ($225.00) Dollars per week, payable on Monday of each and every week, the first amount being due and payable on April 5, 1971. (b) In the event the parties are divorced and the Wife remarries, the aforesaid payment of Two hundred twenty-five ($225.00) Dollars per week shall be reduced by Fifty (50%) percent thereof. (c) For each of the Children who becomes emancipated as hereinafter defined, the payments to be made by the Husband to the Wife shall, from the first day of the week following such emancipation, be reduced by twenty-five (25%) percent thereof. (d) In the event that the Wife has not remarried and the events set forth in subdivision "c" supra have occurred regarding either or both of the Children, then, in such event, the support and maintenance of the Wife shall be reduced by the sum of Fifty-six and 25/100 ($56.25) Dollars for each child with the happening of the event. At such time, if both Children are emancipated *359 and the Wife is unmarried, she shall receive the sum of One Hundred twelve and 50/100 ($112.50) Dollars per week. (e) As used in this agreement, a child shall be deemed emancipated following the earliest to occur of the following event: (i) If he attains his twenty-first (21st) birthday. (ii) If he marries. (iii) If he dies. * * *
12. The wife shall be entitled to claim full tax exemptions for each of the Children on her tax returns. Paragraph 20 further states that the agreement is not to be merged with any divorce decree but shall survive the decree and be binding and conclusive on the parties for all time. Douglass and Joan were granted a divorce by the Supreme Court of New York, New York County, on April 19, 1971. The judgment of divorce ordered that: [The] defendant shall pay to the plaintiff the sum of $225.00 per week as and for her support and the support and maintenance of the issue of the marriage, the said sum to be payable to her whether or not she is employed and whatever her earnings may be in the future; * * * the agreement between the plaintiff and defendant, dated March 31st, 1971, be and the same hereby is in all respects approved; * *360 * *. The decree also granted custody of their two minor children to Joan. By stipulation of the parties placed in the record of the Supreme Court of New York, New York County, on October 12, 1972, custody of the two minor children was switched to Douglass.At all times during 1973, Douglass retained custody of the children. During 1973, Douglass paid $7,987.50 to Joan. By order dated September 14, 1973, and entered September 5, 1973, the Supreme Court of New York, New York County, held that Douglass' obligation to pay child support was conditional on Joan's having custody of the children. The matter was referred to a special referee for computation. The referee's report of January 23, 1974 was confirmed by an order of the Supreme Court of New York, New York County, on September 12, 1974. The referee's computations viewed one-half of each original payment as being attributable to the children. Joan reported $3,938 as income from alimony received on her Federal income tax return for 1973. The respondent determined that Joan had failed to report $4,050 of alimony income (total payments received from Douglass of $7,988 less $3,938 reported on the return). Joan also claimed *361 exemptions for each of the children. The respondent disallowed both exemptions. Douglass deducted $7,987.50 as alimony paid on his Federal income tax return for 1973. The respondent disallowed $4,049.50 of that deduction. Douglass also claimed exemptions for each of the children. The respondent disallowed both exemptions. Issue 1: Alimony vs. Child Support
Joan and Douglass executed a separation agreement on March 31, 1971, which provided that Douglass was to make payments for the support of Joan and the two children of their marriage, subject to reduction in amount upon the occurrence of certain specified events. The agreement states that it is not to be merged with but rather shall survive any divorce decree.The parties were divorced on April 19, 1971, pursuant to a decree of the Supreme Court of New York, County of New York, which obligated the husband to make payments of $225 per week for the support of the wife and two children. Joan was given custody of the children. On October 12, 1972, the court reversed itself and awarded custody to Douglass. At all times during 1973 Douglass retained custody of the children, although visits to Joan were made by the children. *362 Subsequently, the New York court retroactively ordered that the payments to Joan be reduced by 50 percent as custody was now with the father. The payments made by Douglass to Joan must be included in Joan's gross income under section 71(a)[3] unless the requirements of section 71(b) are met. To the extent that such payments are includable in Joan's gross income under section 71(a), Douglass is entitled to a deduction under section 215(a). [4]
*363 Commissioner v. Lester, 366 U.S. 299 (1961) involved a fact situation nearly identical with those in the present case. In Lester, the agreement provided for a specified reduction in the payments by the husband to his former wife upon the emancipation of their minor children. The Court refused to allow the "inference" that a portion of payments corresponding to the amount of reduction due to emancipation of the children must have been intended as child support. The Court held that "The agreement must expressly specify * * * a sum certain or percentage of the payment for child support" in order for the payment to be excluded from the wife's gross income. Commissioner v. Lester, supra at 303. The agreement in the present cast provides for just such a reduction without designating any portion specifically as child support. To the contrary paragraph (d) of section 5 of the separation agreement provides that "the support and maintenance of the wife shall be reduced" upon the emancipation of each child. [Emphasis added.] The introductory language of section 5 of the agreement clearly states that the payments are for the support of both *364 the wife and the children. Paragraphs (a) through (d) of section 5 simply measure the amount of each payment. One may be able to infer from these reductions that amount which the parties may have intended to be utilized for child support, but the requisite specific designation of the amounts as such is clearly lacking. Petitioner Joan Harriman attempts to find support in Gotthelf v. Commissioner, 48 T.C. 690 (1967), affd. 407 F.2d 491 (2d Cir. 1969), cert. denied 396 U.S. 828 (1969) and West v. United States, 413 F.2d 294 (7th Cir. 1969). Both cases are distinguishable as, in addition to the reduction clauses, the agreements in both cases contained additional language which fixed a specific amount as child support payments. As the agreement here failed to fix an amount as child support, we hold that the entire amount of payment received in 1973 by Joan from Douglass constitute alimony.[5]
*365 Issue 2: Dependency Exemptions
Douglass had custody of the two children during all of 1973. Joan had certain visitation rights and in fact did receive visits from both of the children during 1973. The separation agreement (section 12) states that Joan is entitled to claim tax exemptions for each of the children on her return. Both Douglass and Joan claimed exemptions for both of the children on their respective 1973 Federal income tax returns. Section 151(e)(i) allows an exemption for each dependent as defined in section 152. Section 152(a)(i) provides that "dependent" includes a son of the taxpayer if over half of the son's support was received from the taxpayer. Section 152(e)(1) provides a support test for children of divorced parents. The parent having custody of the child for more than one-half of the calendar year is presumed to have provided over one-half of the child's support. Under this test, Douglass would be entitled to the exemptions for both children. These are, however, two exceptions to this presumption contained in section 152(e)(2). Only one of these exceptions, *366 section 152(e)(2)(A), [6] is relevant here: under section 152(e)(2)(A), Joan is automatically entitled to the exemption for each child for whom she provided over $600 of support during the calendar year 1973. Joan testified at trial as to expenditures made by her on behalf of each of her two sons. Most of the testimony was directly contradicted. *367 Having weighed all of the evidence, [7] we conclude that Joan furnished less than $600 of support for each of the two children during 1973. Douglass, and not Joan, is entitled to the dependency exemptions for both children. Issue 3: Negligence Penalty
Respondent has determined that Joan is liable for an addition to tax under section 6653(a), which provides for a penalty where any part of the underpayment is due to negligence or intentional disregard of the rules. The respondent's determination of negligence is presumptively correct, and the taxpayer bears the burden of proving that its imposition was erroneous. *368 Capodanno v. Commissioner,69 T.C. 638, 650 (1978), affd. 602 F.2d 64 (3d Cir. 1979). Joan argues that under Scott v. Commissioner,61 T.C. 654 (1974), a penalty should not be assessed where there is a bona fide dispute concerning the underpayment. There was a bona fide dispute here. The rules for distinguishing alimony from child support are at times difficult to apply, as the great volume of litigation the Court has on this issue suggests. We note that respondent felt that uncertainty about the outcome required that he proceed against Douglass at the same time a deficiency was proposed for Joan. Under all the facts of this case, we believe a negligence penalty is inappropriate. Decisions will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect for the years in issue, unless otherwise indicated.↩
2. These cases were consolidated for trial, briefing, and opinion.↩
3. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) GENERAL RULE.-- (1) DECREE OF DIVORCE OR SEPARATE MAINTENANCE.--If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. (2) WRITTEN SEPARATION AGREEMENT.--If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly. * * *
(b) PAYMENTS TO SUPPORT MINOR CHILDREN.--Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support. ↩
4. SEC. 215. ALIMONY, ETC., PAYMENTS. (a) GENERAL RULE.--In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682↩, the amount thereof is not includible in the husband's gross income.
5. It is the agreement, and not an interpretation of that agreement by the New York court subsequent to payment, which must fix the amounts constituting child support.See Gordon v. Commissioner, 70 T.C. 525, 530↩ (1978). Nonetheless we are unable to explain the basis on which the New York courts made their determination that one-half of each payment constituted child support.
6. Sec. 152(e)(2) provides in part: SEC. 152. DEPENDENT DEFINED. * * *
(e) SUPPORT TEST IN CASE OF CHILD OF DIVORCED PARENTS, ET CETERA-- * * *
(2) SPECIAL RULE.--The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year.↩
7. In addition to the testimony, Joan also produced photocopies of checks she had written. Most of these checks gave no indication on their face as to the type of purchase made. Joan presented no receipts for such items as clothing and doctor's bills which might have indicated for whom such expenditures were made.For example, concerning a check made payable to Bonwit Teller, no evidence was presented to substantiate that this store even sells clothing for teenage boys.↩